**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| Eloise Marinos, | Case No. 25-20229 (JJT) |
| Debtor. | Re: ECF No. 50, 58 |

**MEMORANDUM OF DECISION AND**
**ORDER DENYING MOTION FOR RELIEF FROM ORDER**

Before the Court is the Motion for Relief from Order (Motion, ECF No. 50) filed by the Debtor, Eloise Marinos. In the Motion, the Debtor seeks relief under Rule 60 of the Federal Rules of Civil Procedure (as applied by Rule 9024 of the Federal Rules of Bankruptcy Procedure) from the Court's Amended Order Granting Relief from Stay (ECF No. 48). Wells Fargo Bank, N.A. opposed the Motion (ECF No. 58). The Court then held a hearing on the Motion on July 31, 2025. For the following reasons, the Court grants reconsideration but denies the relief requested.

1. Background

The instant case was filed on March 12, 2025. This is the Debtor's third bankruptcy case, with the prior two being dismissed in 2023 and 2024, respectively. At the heart of the case is the Debtor's attempt to stave off a foreclosure action that has been pending in the Connecticut Superior Court since 2012.[1] Despite a summary judgment decision finding liability having been granted in 2017,[2] a final

---

[1] *See Wells Fargo Bank, N.A. v. Meo*, No. HHD-CV-12-6029444-S (Conn. Super. Ct.). The Court took judicial notice of the foreclosure proceeding at the July 31, 2025 hearing.
[2] *Id.*, Dkt. No. 212.00.

judgment has yet to be entered in the matter. Instead, after various motions seeking to vacate, clarify, or otherwise undermine the summary judgment decision were filed and denied, along with the COVID-19 moratorium, the Debtor filed her first bankruptcy case on April 1, 2023, which stayed the foreclosure proceeding prior to any evidentiary hearing on the amount of debt or any determination of the form of judgment. After that case was dismissed on August 2, 2023, Wells Fargo again prepared its evidence in order to seek judgment, but the Debtor filed her second bankruptcy case on January 19, 2024. That case was then dismissed on June 4, 2024. This process repeated itself one more time before the Debtor filed this case.

The foreclosure action pertains to property in Canton, CT, at which the architect Debtor lives in a customized house that she designed herself. According to MLS listings,[3] the Debtor has been attempting to sell the property since March 2023.[4] Despite several showing and an (apparent) offer that fell through, the Debtor has been unable to sell the properties.

Wells Fargo moved for relief from the automatic stay, including *in rem* relief, on June 26, 2025, so that it might conclude its foreclosure proceeding (ECF No. 39). In its motion, Wells Fargo stated that it was seeking *in rem* relief due to her serial filings, which have delayed the foreclosure action. *See* 11 U.S.C. § 362(d)(4). It noted

---

[3] The Court took judicial notice of the real estate listings for 27 Ridge Road, North Canton, CT at the July 31, 2025 hearing.
[4] The Debtor owns three contiguous parcels. One has the house, another is approximately 38 acres of woods, and the other is a 1.63-acre buffer lot. There are apparently two listings: one for the home lot only for $1,225,000 and the other for all three lots for $1,775,000. Among those matters allegedly disputed in the foreclosure action include whether the mortgage granted to Wells Fargo pertains to the home lot only or the home lot and an adjacent larger lot. The Superior Court determined in its summary judgment decision that both lots are covered by the mortgage.

that each of the Debtor's bankruptcies was filed on the eve of scheduled hearings to determine the property value and debt (and thus the form of judgment). The Debtor did not timely respond to Wells Fargo's motion.

The Court then granted Wells Fargo stay relief under 11 U.S.C. § 362(d)(1) (along with co-debtor stay relief under § 1301) on July 15, 2025 (ECF No. 45). Three days later, the Court amended its order in light of the record and history of the foreclosure to grant *in rem* relief, too (ECF No. 48).

The Debtor filed the instant motion mere hours after the amended order entered. In the Motion, the Debtor's counsel stated that he intended to object to Wells Fargo's motion, but "due to mistake and excusable neglect, [he] calendared the response date incorrectly and did not file a timely objection." He further explained that "[t]he Automatic Stay to the [D]ebtor's residence is essential to the Debtor's success in her bankruptcy case."

Wells Fargo opposed the Motion, arguing that the Debtor has failed to demonstrate adequate grounds for reconsideration. On the merits, based upon the dockets of the Superior Court foreclosure action and this Court, Wells Fargo asserted that, according to its latest appraisal, there is no equity in the property and that good and sufficient cause otherwise exists to support its claims for relief.

2. Discussion

Rule 9024(a) of the Federal Rules of Bankruptcy Procedure, with exceptions inapplicable here, applies Rule 60 of the Federal Rules of Civil Procedure to bankruptcy cases. Under Rule 60(b)(1), "the court may relieve a party or its legal

3

representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect[.]"[5]

The Debtor's counsel claims mistake or excusable neglect on the basis of a simple miscalendaring of the response deadline.[6] "Judgments have been set aside . . . because of a miscalculation about the date that a pleading or other documents were due[.]" Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2858 (3d ed. 2025). But the Second Circuit has also said that "where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted 'excusable neglect.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir. 2004).

Rather than belabor this close call, the Court will—in line with Wells Fargo's expressed desire to simply get to the merits—find that the Debtor has met her burden to show mistake or excusable neglect (or inadvertence)[7] and therefore proceeds to reevaluate whether *in rem* stay relief should remain in place.

Under § 362(d)(4), a secured creditor is entitled to *in rem* relief "if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud

---

[5] Wells Fargo's opposition papers cite well established Second Circuit case law regarding generic motions to reconsider due to changes in controlling law, new evidence, and correction of clear error and manifest injustice. This is not a motion for reconsideration based upon a decision that the Debtor simply does not agree with. This is a motion for relief from judgment or order under one of various other enumerated—and codified—circumstances, not just the three Wells Fargo mentions.
[6] Although the Debtor's counsel does not claim inadvertence, it would also fit this situation. Regardless, case law does little to distinguish inadvertence from mistake or excusable neglect. Additionally, the Debtor's counsel does not cite the catch-all provision of Rule 60(b), "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). But "Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023).
[7] The Court would also reconsider on the basis of other cause in the interest of justice, *see* Fed. R. Civ. P. 60(b)(6), were relief under Rule 60(b)(1) unavailing.

4

creditors that involved . . . (B) multiple bankruptcy filings affecting such property."[8] There is no dispute that there have been multiple bankruptcy filings that have affected the property, so the only question is whether the filing was part of a scheme to delay, hinder, or defraud. Certainly, the Debtor has adeptly managed to delay and hinder Wells Fargo's ability to foreclose with procedural maneuvers, specious defenses and counterclaims, and well-timed bankruptcies that have been dismissed over the past thirteen-and-a-half years, but the combination of those three words (although somewhat inverted) calls into mind the formula for an actual intent fraudulent transfer.[9]

Among the traditional badges of fraud in bankruptcy jurisprudence are "the retention of possession, benefit or use of the property in question[,]" "the financial condition of the party sought to be charged[,]" and "the general chronology of the events and transactions under inquiry." *Salomon v. Kaiser (In re Kaiser)*, 722 F.2d 1574, 1582–83 (2d Cir. 1983). Here, the Debtor has maintained possession of properties for over thirteen years, ostensibly without payment of her mortgage and some tax obligations. Her three bankruptcy filings, coupled with her own statements to this Court that she has encountered financial issues due to health issues, have shown severe financial distress. But each of the three filings was made

---

[8] *In rem* relief, if recorded appropriately, "shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing." 11 U.S.C. § 362(d)(4).

[9] *See* 3 Collier on Bankruptcy ¶ 362.05[19][a] ("courts may be inclined to look at caselaw construing the 'hinder, delay or defraud' language found in [sections 548(a)(1) and 727(a)] for guidance in applying section 362(d)(4)").

5

just prior to scheduled Superior Court hearings to determine the debt and property value. Given the enormous amount of time at issue coupled with the lack of significant progress on any proposed sale and less-than-vigorous marketing of her properties,[10] the Court thus finds that the Debtor has manifestly engaged in a scheme to delay, hinder, and defraud over these many years.[11] Notwithstanding the Debtor's counsel's recognized capabilities and bona fide efforts, and in full consideration of his arguments upon reconsideration of this Court, *in rem* relief is fully warranted, and the Court therefore declines to vacate its amended order granting such relief to Wells Fargo.[12]

3. Conclusion

For the foregoing reasons, the Court grants reconsideration but denies the Debtor's requested relief to vacate its prior order granting *in rem* relief from the automatic stay. The Motion is accordingly DENIED.

IT IS SO ORDERED at Hartford, Connecticut this 6th day of August 2025.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[10] The Debtor's listing agreement with a broker ostensibly expired on June 30, 2025. Although the Debtor's counsel averred that it has been extended (and putting aside the lack of a motion to extend the broker's employment), there has been no convincing explanation for the unavailing sale efforts.
[11] In similar circumstances, particularly where a foreclosure action is more nascent or a sale more promising, the Court's findings might vary.
[12] The Court simultaneously recognizes that, because final judgment has not entered in the Superior Court, the Debtor is not without remedies concerning the property. They are simply better explored in the state court or in a consensually stipulated marketing or auction plan rather than here. Although it is undeniably difficult for the Debtor to recognize, she has adeptly frustrated her mortgage lender and is at a crossroad for a reckoning that should conclude with a near-term sale or auction.

6